IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JAMIE SUMMERS,                                          Case No. 1:18-cv-01910-CL

          Plaintiff,

    v.

                                           **REPORT &**
                                           **RECOMMENDATION**

UNITED STATES DEPARTMENT
OF INTERIOR, NATIONAL PARK SERVICE
et al,

          Defendants.

CLARKE, Magistrate Judge.

Plaintiff Jamie Summers is employed by the National Parks Service at Crater Lake National Park as an Engineering Equipment Operator. Plaintiff brings this cause of action against the United States Department of Interior, the National Park Service, and several individuals employed by the National Park Service at Crater Lake National Park for claims related to his employment. The case comes before the Court on Defendants' Motion to Dismiss (#28) for lack of subject matter jurisdiction. Plaintiff has responded with a proposed second

Page – 1 – Report & Recommendation

amended complaint, but the proposed amendments do not resolve all issues raised by Defendants.  For the reasons below, this Court recommends that Defendants' motion be GRANTED in part and DENIED in part. Plaintiff should be granted leave to amend his complaint.

## LEGAL STANDARD

Fed. R. Civ. P. 12(b)(1) allows a defendant to move to dismiss a complaint for lack of subject-matter jurisdiction.  Under Rule 12(b)(1), an attack on jurisdiction can be either facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  Here, the defendants are making a facial attack on jurisdiction.  In a facial attack on jurisdiction, the challenger argues the allegations in the complaint are "insufficient on their face to invoke federal jurisdiction." *Id*.  When subject-matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of establishing jurisdiction. *Id*.

## DISCUSSION

### I.      Under Claims 1 through 4, the proper defendant is current Secretary of the Interior, David Bernhardt.

Title VII of the Civil Rights Act of 1964, as amended 1972, prohibits employment discrimination against federal employees.  42 U.S.C. § 2000e-16.  In a civil action brought under Title VII, "the head of the department, agency, or unit, as appropriate, shall be the defendant." *Id.* § 2000e-16(c).  Moreover, a federal employee seeking to redress employment discrimination under Title VII is "precluded from asserting discrimination claims against individual federal employees who may have participated in the case." *Williams v. U.S. General Services Admin.*, 905 F.2d 308, 311 (9th Cir. 1990).

Plaintiff originally brought Title VII claims against all defendants, but in his proposed second amended complaint he alleges Title VII violations against former Secretary of the Interior

Page – 2 – Report & Recommendation

Ryan Zinke and current Secretary David Bernhardt. Because Ryan Zinke is no longer "head of the department," David Bernhardt as the current Secretary of the Interior is the only proper defendant for Plaintiff's Title VII claims.

**II.      Plaintiff may bring a claim for retaliation due to whistleblowing under 42 U.S.C. § 2000e-3(a) pursuant to 42 U.S.C. § 2000e-16, but he cannot bring the same claim twice.**

In Plaintiff's proposed second amended complaint, he raises a claim of discrimination and retaliation due to whistleblowing under 42 U.S.C. § 2000e-3(a) to replace his whistleblowing claim previously alleged under Oregon law. Defendants argue that Plaintiff is prohibited from bringing this claim under 42 U.S.C. § 2000e-3(a) because 42 U.S.C. § 2000e-16 is the exclusive remedy for discrimination against federal employees. For the reasons below, the Court finds that Plaintiff may bring a claim under § 2000e-3(a). However, Plaintiff's proposed second amended complaint asserts claims for retaliation twice—as his third and fifth claims. The claims are titled somewhat differently, and under his fifth claim he is more explicit as to how he was retaliated against, but both claims apply § 2000e-3(a) in essentially the same way.

Although Plaintiff may bring the claim only once, Plaintiff may bring a claim under § 2000e-3(a) for retaliation due to whistleblowing pursuant to § 2000e-16. The Defendants correctly noted that Title VII, 5 U.S.C. § 7703(b)(2), authorizes a federal employee to file suit under 42 U.S.C. § 2000e-16 for discrimination based on race, color, religion, sex, or national origin. However, subsection 2000e-16(c) further states that an employee may file a civil action "as provided in section 2000e-5 of this title." Pursuant to § 2000e-5, an employee shall not be reinstated if he was discharged "for any reason other than discrimination on account of race, color, religion, sex, or national origin *or in violation of section 2000e-3(a)* of this title." 42 U.S.C. § 2000e-5(g)(2)(A) (emphasis added). In turn, § 2000e-3(a) prohibits discrimination

against an employee in retaliation for opposing a discriminatory employment practice or because she made a charge of discrimination. *Id.* § 2000e-3(a). Therefore, Title VII includes retaliation claims and § 7703(b)(2) authorizes judicial review of them. *See Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000) ("A postal employee may bring suit under § 2000e-3(a) pursuant to 42 U.S.C. § 2000e-16.").

Therefore, this Court recommends that Plaintiff be given leave to amend his complaint to include a retaliation claim under 42 U.S.C. § 2000e-3(a) pursuant to 42 U.S.C. § 2000e-16, but he can only bring the claim once. Additionally, for the same reasons stated above, the proper defendant for this claim is the current Secretary of the Interior. All other defendants should be dismissed from this claim.

### III.    Plaintiff's tort claims may be brought against only the United States.

In Plaintiff's first amended complaint he alleges tort claims against all defendants. In his proposed second amended complaint he alleges the same tort claims but against only the individual defendants. The Federal Tort Claims Act ("FTCA") provides that suit against the United States shall be the exclusive remedy for persons with claims for damages resulting from the negligent or wrongful acts or omissions of a federal employee acting within the scope of his office or employment. 28 U.S.C. § 2679(b)(1). The FTCA further provides that upon certification by the Attorney General that a federal employee was acting within the scope of his office or employment at the time of the incident out of which a claim arises, any civil action arising our of the incident shall be deemed an action against the United States and the United States shall be substituted as the sole defendant with respect to those claims. *Id.* § 2679(d)(1). Certification authority has been delegated to the United States Attorney for the district where the

Page – 4 – Report & Recommendation

civil action is brought, and the United States Attorney for the District of Oregon has re-delegated that authority to the Chief of the Civil Division.  28 C.F.R. § 15.4.

Here, the Chief of the Civil Division in the District of Oregon has certified that the individually named defendants were acting within the scope of their employment with the National Park Service at the time of the incidents giving rise to this action.  (#26).  Therefore, the United States, by operation of law, is substituted as the defendant for Plaintiff's tort claims and the individual defendants should be dismissed from this action.

## IV.    Plaintiff's claim for punitive damages should be dismissed.

Plaintiff's last claim in his amended complaint and proposed second amended complaint is for punitive damages without a substantive underlying claim.  In Plaintiff's first amended complaint he brought a claim for punitive damages against all defendants.  In response to Defendants' argument that the United States cannot be sued for punitive damages, Plaintiff's proposed second amended complaint removed the federal government from this claim and left the individual defendants.  However, based on the above, Plaintiff's first four claims are brought against the Secretary of the Interior and the remaining claims are brought against the United States under the FTCA.  There are no remaining claims brought against the individual defendants and no substantive underlying claim to support his claim for punitive damages against the individual named defendants.  Both the FTCA and Title VII preclude punitive damages against the United States.  28 U.S.C. § 2674 ("The United States . . . shall not be liable . . . for punitive damages"); *Marcus v. Geithner*, 813 F. Supp. 2d 11, 21 (D.C. Cir. 2011) (citing 42 U.S.C. § 1981a(b)(1) to support finding that Title VII does not allow the plaintiff to recover punitive damages against the federal government).  Therefore, Plaintiff's claim for punitive damages should be dismissed.

## RECOMMENDATION

For the reasons stated above, Defendants' motion to dismiss (#28) should be GRANTED in part and DENIED in part. Plaintiff's last claim for punitive damages should be dismissed with prejudice. Plaintiff should be given leave to file an amended complaint within thirty (30) days of a decision by the District Court to bring his Title VII and FTCA claims against the proper parties.

This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. *See* Fed. R. Civ. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this ____ day of June, 2019.

MARK D. CLARKE
United States Magistrate Judge